**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**AUGUSTO SANCHEZ, # 15478-004**                                                    **PETITIONER**

**VERSUS**                                                    **CIVIL ACTION NO. 5:12cv134-DCB-JMR**

**DEPARTMENT OF HOMELAND**
**SECURITY–IMMIGRATION AND**
**CUSTOMS ENFORCEMENT**                                                    **RESPONDENT**

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

      This matter is before the Court *sua sponte*. *Pro se* Petitioner Augusto Sanchez filed this Petition for Writ of Habeas Corpus under 28 U.S.C. 2241 [1]. He is presently at the Adams County Correctional Center and challenges the execution of his sentence. The Court has considered and liberally construed the pleadings. As set forth below, this case is dismissed.

      On September 25, 2012, Petitioner filed the instant habeas Petition challenging the execution of his sentence as a result of an immigration detainer placed upon him. He maintains that an erroneous detainer has prohibited him from participation in a Community Corrections Center. He asserts that he has already been adjudged a non-deportable alien.

      This is not the first time Petitioner has filed a habeas action on this ground. On February 10, 2012, he filed the identical habeas claim against Respondent Department of Homeland Security–Immigration and Customs Enforcement, among others. The prior action is styled *Sanchez v. Laughlin*, Cause Number 5:12cv23-DCB-JMR, and is still pending before the undersigned. In fact, ten days after Petitioner filed the instant case, he filed a Motion to Expedite the prior case.

      A civil action, including a habeas action, may be dismissed if it is duplicative of another

action pending in the same court. *Oliney v. Gardner*, 771 F.2d 856, 859 (5th Cir. 1985). *See also*, *Norwood v. United States*, 235 F. App'x 231, 231 (5th Cir. July 24, 2007) (habeas) (citing *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993)); *Williams v. Thaler*, No. 3-12-cv-2667-M-BD, 2012 U.S. Dist. LEXIS 135780 at *1-2 (N.D. Tex. Aug. 30, 2012) (habeas). Because the instant Petition raises the same ground and is based on the same facts as the prior pending case of *Laughlin*, the instant case is duplicative. It is therefore dismissed without prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, this cause should be and is hereby **DISMISSED WITHOUT PREJUDICE**. A separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED**, this the 31st day of October , 2012.

 s/David Bramlette
UNITED STATES DISTRICT JUDGE